UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MARTIN AYIM and EVELYN AYIM** | * | **CIVIL ACTION NO. 18-0480** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **UNITED STATES OF AMERICA through UNITED STATES POSTAL SERVICES** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is the United States' motion to dismiss the complaint without prejudice pursuant to Rules 12(b)(1), (4) and (5) of the Federal Rules of Civil Procedure [doc. # 3]. The motion is unopposed. For reasons assigned below, it is recommended that the motion be GRANTED.

### Background

On April 9, 2018, Martin Ayim and Evelyn Ayim, husband and wife, filed the instant tort suit against the United States of America, through the United States Postal Services ("USPS"). According to the complaint, Evelyn Ayim traveled to Washington D.C. to obtain a travel visa from the Embassy of the Republic of South Africa (the "Embassy"). In order to process the visa, the Embassy required Evelyn Ayim to produce certain documents by April 7, 2018. Accordingly, on April 6, 2018, Martin Ayim sent the necessary documents to Evelyn, via the USPS, and paid a premium for guaranteed next day delivery. Unfortunately, the envelope and documents did not arrive in D.C., as scheduled. When Evelyn Ayim made inquiry at the local post office, she learned that the USPS had negligently misdirected the envelope and documents to San Diego,

California.

As a result of the delay, the Embassy denied Evelyn's visa application, which, in turn, caused Evelyn to miss a doctor's follow-up appointment, and necessitated another week's stay in Washington D.C. She seeks to recover $112,380.70 in compensatory damages, costs, and attorney's fees stemming from the USPS's negligence.[1]

On August 9, 2018, the United States filed the instant motion to dismiss for lack of subject matter jurisdiction because it did not waive its sovereign immunity for the type of claim asserted by plaintiffs.[2] It also urged dismissal for insufficient process and insufficient service of process under Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure.

Plaintiffs did not file a response to the motion to dismiss, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 4]. Thus, the motion is deemed unopposed. *Id*.

---

[1] She itemized her damages as follows: money back guarantee; unanticipated lodging and meals; lost wages; air ticket adjustments fees; lost business profits because of inability to deliver items to South Africa; emotional distress; and mental anguish.

[2] The government's primary argument potentially impacts the court's subject matter jurisdiction, and therefore, is analyzed via motion to dismiss for lack subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See James v. Mason*, 513 Fed. Appx. 364, 366 (5th Cir.2013), *on reh'g in part*, 12-30308, 2013 WL 6481622 (5th Cir. May 20, 2013).
"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The court can resolve a motion to dismiss for lack of subject matter jurisdiction "based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir.2016) (citations and internal quotation marks omitted).

## Law and Analysis

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976). In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962).

Here, plaintiffs sued the United States, through the USPS, pursuant to 39 U.S.C. § 409(c), which provides that, "[t]he provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service."[3] The "provisions" alluded to by § 409(c) are those that comprise the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*. *Ins. Co. of N. Am. v. U.S. Postal Serv.*, 675 F.2d 756, 757–58 (5th Cir.1982).

The FTCA represents a limited waiver of sovereign immunity; suits filed thereunder must be filed in exact compliance with its terms. *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971). Under the FTCA,

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA establishes the exclusive remedy for tort claims arising out of the actions of the

---

[3] The USPS is part of the "executive branch of the Government of the United States." 39 U.S.C. § 201.

federal government and its employees.  28 U.S.C. § 2679.  The Act subjects the United States to tort liability if a private person would be liable for the same act under state law.  *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030–31 (5th Cir.2011) (citations omitted).

The FTCA's limited waiver of sovereign immunity includes exceptions that, if applicable, bar suit against the government.  *Truman v. United States*, 26 F.3d 592, 594 (5th Cir.1994).  These exceptions must be strictly construed in favor of the government.  *Id*.  One such exception to the government's waiver of immunity is for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  By this exception, "Congress intended to retain immunity only for injuries arising because mail either fails to arrive or arrives late, in damaged condition, or at the wrong address . . ."  *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 482, 126 S.Ct. 1252, 1254 (2006).

Here, it is uncontroverted that plaintiffs are seeking damages for injuries sustained as a result of the USPS's negligent failure to timely deliver a priority mail express envelope, i.e., the mail.  Accordingly, plaintiffs' claim falls within an express exception to the FTCA's limited waiver of sovereign immunity.  In the absence of a cognizable waiver of sovereign immunity, the court does not enjoy subject matter jurisdiction to hear plaintiffs' claim against the government.  Dismissal is required.  *Ins. Co. of N. Am., supra*; *Scie v. United States*, No. 14-1570, 2015 WL 711819 (E.D. La. Feb. 18, 2015); *Chiles v. Craig*, No. 15-0012, 2015 WL 541699 (S.D. Miss. Feb. 10, 2015).[4]

---

[4] The court need not reach the remaining grounds for dismissal asserted by the government.

**Conclusion**

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter jurisdiction [doc. # 3] filed by the United States, through the United States Postal Service, be GRANTED, and that plaintiffs' suit be dismissed without prejudice, in its entirety. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 5th day of September 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE